**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

REGINA SPENCER-ROSS,

        Plaintiff,

vs.

HOME DEPOT, U.S.A., INC. *et al.*,

        Defendants.

2:13-cv-00185-JCM-VCF

**ORDER**

Defendant's Emergency Motion for Protective Order Regarding Plaintiff's 30(b)(6) Deposition Notice (#20)

Before the court is Defendant Home Depot U.S.A.'s Emergency Motion for Protective Order Regarding Plaintiff's 30(b)(6) Deposition Notice. (#20).

**I.    Background**

This matter involves Plaintiff Regina Spencer-Ross' personal injury action against Home Depot in which Plaintiff alleges that she slipped and fell in the restroom of a Home Depot store on September 15, 2011. (#1). On January 10, 2013, Plaintiff filed suit in the Eighth Judicial District Court, Clark County, Nevada. *Id*. The action was removed to this court on February 4, 2013, pursuant to this court's diversity of citizenship jurisdiction, 28 § U.S.C. 1332(a). *Id*.

On July 15, 2013, Plaintiff served a Federal Rule of Civil Procedure 30(b)(6) notice of deposition on Home Depot. (#20-2). Plaintiff's Rule 30(b)(6) notice stated the deposition is scheduled for September 5, 2013, and will cover twenty-two discrete topics regarding Plaintiff's slip and fall. (*See id.*). In response, Home Depot objected, stating that Plaintiff's request exceeds the scope permitted by Rule 30(b)(6). (#20).

In an effort to resolve Home Depot's objections without court intervention, Home Depot made repeated efforts to meet and confer with Plaintiff between August 5, 2013, and August 27, 2013.

(*See* #20 at 5–6). Because the parties failed to meet and confer, Home Depot filed the instant Emergency Motion for Protective Order (#20) on August 28, 2013. In its motion, Home Depot seeks an order from this court "providing clarification as to the appropriate confines of the Rule 30(b)(6) deposition." (#20 at 6:20–21).

## II.    Legal Standard

Federal Rule of Civil Procedure 26(b)(2)(c) provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." The court may fashion any order which justice requires to protect a party or person from undue burden, oppression, or expense. *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 369 (9th Cir. 1982) (*cert. denied*, 457 U.S. 1118 (1982)).

## III.    Discussion

Home Depot's Emergency Motion for Protective Order (#20) is not meritless. The court, however, will not issue an order "providing clarification as to the appropriate confines of the Rule 30(b)(6) deposition" as Home Depot requests. (#20 at 6:20–21). Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." Failure to comply with LR 26-7(b) warrants the denial of a discovery motion. *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D.

Nev.1996) (holding that personal consultation means the movant must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention). Here, it is undisputed that the parties failed to meet and confer and that no "meaningful," "two-way communication" regarding Plaintiff's Rule 30(b)(6) deposition notice occurred. (*See* #20 at 5–6).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Rule 30(b)(6) Deposition noticed by Plaintiff for September 5, 2013, at 10:00 a.m. is STAYED.

IT IS FURTHER ORDERED that Plaintiff will make a "sincere effort" to resolve the issues raised by Home Depot's Emergency Motion for Protective Order (#20) in person or by telephone.

IT IS FURTHER ORDERED that, if the parties are unable to resolve the issues raised by Home Depot's Motion (#20), Plaintiff will file a Response to Home Depot's Motion by September 13, 2013, and Home Depot will file a Reply by September 23, 2013.

IT IS FURTHER ORDERED that a hearing on Home Depot's Motion (#20) is scheduled for October 2, 2013, at 3:00 p.m. in Courtroom 3D.

DATED this 30th day of August, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE